**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-1897**

─────────────

YABRE MOYENGA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-271-030)

─────────────

Submitted: April 21, 2006            Decided: May 8, 2006

─────────────

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Jacqueline E. Ngole, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Daniel E. Goldman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yabre Moyenga, a native and citizen of Burkina Faso, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision denying his applications for asylum, withholding from removal and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481, (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). We find the immigration judge's negative credibility finding was supported by substantial evidence. We further find the evidence was not so compelling as to warrant reversal.

With respect to Moyenga's due process challenge and his challenge to the denial of withholding under the CAT, because he failed to exhaust these issues on appeal to the Board, we decline to review the issues. See 8 U.S.C. § 1252(d)(1) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -